**MAURER et v BOARD OF COUNTY COMMISSIONERS OF HAMILTON CO**

Ohio Appeals, 1st Dist, Hamilton Co

No 4244. Decided July 3, 1933

Sylvester J. Hickey, Cincinnati, Walter A. Ryan, Jr., Cincinnati, and Ginocchio & Ginocchio, Cincinnati, for plaintiffs.

Louis J. Schneider, Prosecuting Attorney, Cincinnati, Water M. Locke, Assistant Prosecuting Attorney, Cincinnati, and Robert A. Ludeke, Assistant Prosecuting Attorney, Cincinnati, for defendants.

## OPINION

By ROSS, ɔ.

The entire case resolves itself into a question of the title to the ten foot strip in dispute. Specifically this is determined by reaching a conclusion as to whether the road in front of plaintiffs' property is 40 feet wide or 60 feet wide. There is no dispute as to the location of the center of the road.

Title to the strip being a necessary predicate to the action, it is incumbent upon the plaintiffs to establish this title and right to possession by a preponderance of the evidence.

The road in question was originally a privately owned turnpike, operated by virtue of a special act of the legislature (20), passed in 1846 (Local Laws, Vol. 44, p. 53), giving the company a right to appropriate a width not in excess of 66 feet. Later, in 1862, a succeeding company, the Warsaw and Cleves Turnpike Company, received a charter to operate the road.

In 1865 the Joseph Maurer estate, consisting of all lots 1, 2 and 3, was partitioned and a plat recorded showing the road. No width was specified, but it was delineated as between parallel lines and of uniform width. The plat is not accurately drawn and it is impossible to scale the same with any degree of certainty.

In 1867, the Turnpike Company relinquished to the County all of such turnpike "West of the Four (4) Mile Stone on said Turnpike", including the road in front of the premises of plaintiffs. This act was accepted by the County Commissioners November 28, 1868.

This relinquishment and acceptance are important, for from this date the road became a county road, and the evidence of the plaintiffs that a stone wall, erected in 1868, along a line only consistent with a 40 foot width of the road could not act as an occupation of the road by adverse possession; there being no entire blocking of the road. If it had remained the private property of a turnpike company, the situation would have been different.

There can be no question either as to the building of the wall, or that at approximately the same time it was erected that the right to the road was relinquished by the turnpike company, and that from that date it became a county road.

Deeds and plats along the road refer to it as a road 60 feet in width, and, in 1905, strange to say, although the county already owned it, the county under the act of 1904 purchased the identical road from the Turnpike Company, and in the deed of conveyance it was described as a 60 foot road.

When the county was recently making its preliminary survey, of the road, preparatory to its contemplated improvement, one of the surveyors was placing stakes in and about the premises of the plaintiffs. While so engaged he was accosted by Mrs. Maurer, one of the plaintiffs, who asked if she could be of service, and when informed that some difficulty was being encountered, volunteered to and did present an old unrecorded plat covering the Maurer estate, and showing clearly thereon the road in front of plaintiffs' premises to be 60 feet in width.

A great deal of weight is attached by the plaintiffs to the fact that the county has offered to purchase 10 foot strips on either side of the road near the property of plaintiffs, evidently upon the basis of a 40 foot road. The explanation tendered for this by the County is, that up to the time that the old deed relinquishing title in 1867 was discovered, which was shortly before the trial below and after the offers complained of were made, that the county officers were in serious doubt as to whether or not at certain points title by adverse possession had not been obtained against the old Turnpike Company. The discovery of the old deed set these doubts at rest.

Even though the county might see fit to settle disputes with nearby abutting owners, we feel that such evidence, even if competent in a case in chancery, cannot weigh against the conclusive evidence hereinbefore noted.

The best that the evidence of the plaintiffs can be said to accomplish is to cast some doubt as to whether a road which is shown on old plats to be uniform in width and has been for many years considered to be, and treated as 60 feet in width at nearby points along its course, should, because of the erection of the old stone wall in 1868, have narrowed down to 40 feet in front of the premises of the plaintiffs?

Plainly the evidence falls far short of meeting the burden resting upon plaintiffs to prove their title and right to possession by the preponderance of the evidence. The weight, if any, is against the plaintiffs, and we are compelled to so conclude.

The relief prayed for will be denied and the petition be dismissed.

Decree accordingly.

HAMILTON, PJ, and CUSHING, J, concur.